

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-0036-CR

_____

JOHN MURPHY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 361ˢᵀ District Court
Brazos County, Texas
Trial Court No. 11-00935-CRF-361, Honorable Harold "Bob" Towslee, Presiding

February 20, 2013

## MEMORANDUM OPINION

Before Quinn, C.J., and Hancock and Pirtle, JJ.

Pursuant to a plea bargain, Appellant, John Murphy, was convicted of injury to a child, elderly individual, or disabled individual with an affirmative finding on use of a deadly weapon and sentenced to thirty-five years confinement.[1] The *Trial Court's Certification of Defendant's Right of Appeal* reflects that Appellant's case is a plea bargain case, that he has no right of appeal and that he waived the right of appeal. The

---

[1]Tᴇx. Pᴇɴᴀʟ Cᴏᴅᴇ Aɴɴ. § 22.04(e) (Wᴇsᴛ Supp. 2012).

certification notwithstanding, Appellant's counsel filed a notice of appeal challenging the conviction.

By letter dated January 16, 2013,[2] the transferor court notified Appellant's counsel of the consequences of the certification and invited him to file a response showing grounds for continuing the appeal on or before February 6, 2013, noting that failure to do so would result in dismissal of the appeal.

Counsel did not file a response. Consequently, we have no alternative but to dismiss this appeal based on the certification signed by the trial court. *See* TEX. R. APP. P. 25.2(d).

Patrick A. Pirtle
Justice

Do not publish.

---

[2]Originally appealed to the 10th Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV=T CODE ANN. ' 73.001 (WEST 2005). We are unaware of any conflict between precedent of the 10th Court of Appeals and that of this Court on certifications of defendant's right of appeal. TEX. R. APP. P. 41.3.